STATE *vs.* SAMSON FRANK.

JULY 2, 1915.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

*(1) Hawkers and Peddlers. State and Town Licenses.*

Pub. Laws, cap. 1034, passed April 3, 1902, creating the board of police commissioners for the town of Tiverton, gave to that board authority to license hawkers and peddlers "in addition to the State license required by law."

Pub. Laws, cap. 1065, passed December 12, 1902, in amendment of the general laws, authorized boards of police commissioners to license hawkers and peddlers and provided that no fee should be charged to those who had already been licensed under the general laws.

*Held,* that under the rule that a general statute does not repeal a special statute unless the purpose to do so is clearly manifest, cap. 1034 was still in force and under its provisions the police commissioners of the town of Tiverton could lawfully adopt rules requiring a person to obtain a town license in addition to the license obtained from the State.

CRIMINAL COMPLAINT. Heard on exceptions of defendant and overruled.

VINCENT, J. This is a criminal complaint charging that the defendant on the 26th of August, 1914, in the town of Tiverton, Rhode Island, sold and offered for sale, as a hawker and peddler, certain goods, without a license from the Board of Police Commissioners and contrary to the provisions and regulations of such board adopted March 28, 1903, under and in accordance with Section 16 of Chapter 191 of the General Laws of Rhode Island.

The case was tried in the Superior Court at Newport and the jury returned a verdict of guilty. A motion for a new trial was made and denied, whereupon the defendant filed his bill of exceptions to this court. The exceptions are two in number:

"*First.* To the charge of the court in charging the jury that it was necessary for the defendant to have a town license in addition to the State license issued to the defendant by the General Treasurer authorizing him to carry on business as a hawker and peddler in the State of Rhode Island, which license was in effect at the time of his arrest and at the time the complaint was made in this proceeding.

"*Second.* To the decision of the court in denying the defendant's motion for new trial, which motion was based upon the grounds that the verdict was against the law and the evidence."

At the time of the defendant's arrest he had a license as a hawker and peddler covering the State of Rhode Island

issued to him by the General Treasurer under the provisions of Chapter 191 of the General Laws.

The questions raised by the defendant are (1) Whether the defendant having a State license was also required to have a license from the police commissioners of the town of Tiverton, and (2) Whether the board of police commissioners could grant any license under the provisions of such board adopted March 28, 1903?

Chapter 1034 of the Public Laws, passed April 3, 1902, creating the board of police commissioners for Tiverton, gave to that board authority to license hawkers and peddlers "in addition to the State license required by law."

Chapter 1065 of the Public Laws, passed December 12, 1902, which was in amendment of the General Laws, authorized boards of police commissioners to license hawkers and peddlers and to fix a penalty for selling without a license and provided that no fee should be charged to those who had already been licensed under the General Laws. In both of these Chapters, 1034 and 1065, the General Assembly seems to have contemplated the coetaneous existence of a State and town license, in the one by the use of the words, "in addition to the State license required by law," and in the other by providing for the elimination of the fee when the licensee was already in possession of a license under the General Laws. Chapter 1065 was a general statute. It does not contain any language suggesting any intent on the part of the General Assembly that it should take precedence of or repeal either wholly or in part the provisions of Chapter 1034, the latter being a special statute having for its purpose the creation of a board of police commissioners for the town of Tiverton. The general rule in interpreting statutes is that a general statute does not repeal a special statute unless the purpose to do so is clearly manifest. *State* v. *Town Council of South Kingstown,* 18 R. I. 258, at 273, and cases cited.

We think it was competent for the General Assembly to pass a law requiring a hawker and peddler to obtain both a

State and town license.   It certainly cannot be reasonably inferred from the acts in question that it was the intention of the law-making power to remove from the town of Tiverton all supervision over hawkers and peddlers who might desire to sell their wares within the precincts of that town.

It seems to us that Chapter 1034 is still in force and that under its provisions the police commissioners of the town of Tiverton could lawfully adopt rules and regulations requiring the defendant to obtain a town license in addition to the license obtained from the State.

The defendant's exceptions are overruled and the case is remitted to the Superior Court for the county of Newport for sentence.

*Livingston Ham, Assistant Attorney General,* for State.
*John C. Burke,* for defendant.